### PHILIP BRANT v. MICHAEL McMAHON.

*Bailment—Delivery to wrong person.*

A naked bailee cannot be held answerable for delivering the goods held by him to the wrong person, if the agent of the person properly entitled thereto has given him to understand they were for the one to whom they were delivered.

Error to St. Clair. (Stevens, J.) April 8.—April 29.

ASSUMPSIT. Defendant brings error. Reversed.

*Chadwick & Cline* for appellant.

*Stevenson & Phillips* for appellee.

CHAMPLIN, J. Brant sued McMahon before a justice of the peace, and declared on the common counts for money had and received of plaintiff by defendant, and for damages for failure to deliver certain sheep on verbal contract, for which said money was paid, and claimed damage in the sum of one hundred dollars. The defendant pleaded orally the general issue. The trial before the justice resulted in a judgment for plaintiff for twenty dollars and costs. Defendant appealed

to the circuit court for the county of St. Clair, where the cause was tried before a jury, who, under instructions from the court, found a verdict for the plaintiff for twenty-two dollars damages.

Plaintiff testified that he had a talk with defendant on August 8, 1880, about buying sheep of him, and agreed to go or send a man to see them. This was on Sunday. On Monday, August 9th, he engaged one Patrick Lynch to buy sheep for him, and gave him money for that purpose. Plaintiff knew that Lynch had been in the employ of one Moses Joyce, a stock-buyer, previous to this time ; that he told Lynch to go and see defendant's sheep and buy them ; that Lynch reported to him that he had bought defendant's sheep on August 11th, and had paid him twenty dollars on them, and they were to be taken away September 1st; that subsequently he heard that Joyce had taken the sheep, and he notified defendant that he must deliver the sheep or pay him for them. Plaintiff also produced as a witness Patrick Lynch, who testified that he was employed on August 9th to buy sheep for plaintiff, who gave him money for that purpose, and that he went and bought defendant's sheep the latter part of the week, after August 9th ; that defendant agreed to keep them for him until the first of September without charge ; that he did not tell defendant who he was buying for; that defendant asked if he was buying for Joyce, and he replied that he had been buying for Joyce, and that he could take it as he had a mind to ; that he had been buying sheep for Joyce before August 9th ; that he paid the plaintiff's money for the sheep.

The defendant testified in his own behalf. He denied having had the conversation narrated by plaintiff as having occurred on the 8th of August, but said he had a conversation with plaintiff in July, in which plaintiff asked him if he had sheep to sell, and he replied that he had lambs, but it was too early to sell,—they were not large enough. That Lynch came to his place as early as the 3d of August to buy sheep. That he asked him whom he was buying for, and he said he was buying for Joyce. That he wanted him to keep the sheep longer than he wanted to, but Lynch said that Joyce

was going to ship the next week, and he would try and get them in; and he then sold them. Lynch paid him twenty dollars, and the balance due him was fifty cents. That after he sold the sheep to Lynch he saw Joyce at Memphis and asked him if he was going to send for the sheep that week, and Joyce said he would. Joyce did send his man the next week, who paid the fifty cents and drove the sheep away, and a few days after that he met Lynch on the road and told him that Joyce had got the sheep, and Lynch answered: "All right." That he never heard that plaintiff claimed the sheep until about September 1st. Joyce testified that Lynch was buying sheep for him; that he was told by Lynch as early as August 6th or 7th that he had bought McMahon's sheep, and had agreed to take them away the next week; that the sheep were driven from defendant's place August 11, 1880, shipped in a car from Ridgeway on the 12th, and sold in Buffalo on the 14th of August.

The circuit judge instructed the jury that if they should conclude that there was a fair preponderance of evidence tending to show that the plaintiff, Brant, on Monday, August 9, 1880, employed Lynch to purchase sheep for him, and gave him money for that purpose and no other, and Lynch, on Tuesday or Wednesday after that date, viz., August 9th or 10th, did go to McMahon's and make a bargain for the sheep in controversy, for the plaintiff, and paid McMahon twenty dollars of plaintiff's money, and that McMahon afterwards delivered the sheep to Joyce, he would be liable to the plaintiff for the money paid to him by Lynch, belonging to the plaintiff, and interest thereon at seven per cent. If, on the other hand, they should conclude that there was a fair preponderance of evidence tending to show that prior to August 10, 1880, Lynch bargained for the sheep with the defendant, McMahon, and paid him money before said 9th day of August, and that Joyce sent for the sheep on August 11th and shipped them from Ridgeway on August 12th, then the defendant was entitled to a verdict.

It is quite apparent that the learned judge misconceived the real point in controversy raised by the pleadings and evi-

dence. Upon the plaintiff's own theory the defendant was a naked bailee for plaintiff of the sheep. They were left in his care without compensation, and the true question to be decided was whether, under the evidence, he was justified in delivering the sheep to Joyce. This question, under the charge of the court was not submitted to the jury at all. So far as the defendant was concerned it was of no sort of consequence whether Lynch made the purchase in fact for Brant or Joyce. He was only concerned to know to whom to deliver the sheep when called for, and if his testimony was believed by the jury he was fully justified and exonerated from all liability in delivering the sheep to Joyce. He had a right to rely upon Lynch's statement that he was purchasing the sheep for Joyce and if, as a matter of fact, Lynch was the plaintiff's agent and made the purchase for him, he was nevertheless bound by Lynch's assertion that he was buying for Joyce, so far, at least, as to justify defendant in delivering the sheep to Joyce upon the strength of such assertion.

The defendant was entitled to have his instructions given to the jury. Whether a recovery can be had, under the facts of this case, upon the common counts in assumpsit we do not decide, as the point is not raised by the defendant.

The judgment must be reversed and a new trial ordered with costs.

The other Justices concurred.